UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY T. GREENE,

        Plaintiff,

  v.                                     Case No. 08-C-728

WILLIAM POLLARD, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Jeremy T. Greene, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institution ("GBCI").

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $108.15.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. The balance on his certified Trust Account Activity Statement as of August 18, 2008, was $507.37, though $500.00 of this amount was in his release account and not available to him in for his daily expenses. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff has named as defendants in this case Dr. Donald Jones, who is identified as the GBCI's dentist, Jeananne Greenwood-Zwiers, who is identified as the GBCI's Health Services Unit ("HSU") Manager, Catherine Francois, who is identified as GBCI's Inmate Complaint Examiner, Welcome Rose, who is identified as the Corrections Complaint Examiner at the Wisconsin Department of Corrections ("DOC"), Cynthia Thorpe, who is identified as the Inmate Complaint Examiner for the Wisconsin Bureau of Health Services ("BHS"), William Pollard, who is identified as the Warden of the GBCI, and Rick Raemisch, who is identified as the Secretary for the Wisconsin DOC.

According to Greene, Dr. Jones was deliberately indifferent to his alleged need to have a specific dental procedure accomplished, the bonding of a tooth. For this he claims to have suffered a violation of his Eighth Amendment rights. Greene has named the other defendants who either acted unfavorably on his complaint regarding the decision of Dr. Jones not to bond his tooth, or acted in a supervisory capacity.

3

Greene alleges that due to sensitivity to hot and cold and a constant aching in his left upper canine tooth and another lightly chipped tooth he requested to see a dentist on May 4, 2008. He was allowed to see Dr. Jones for an appointment on May 6, 2008. Greene claims that on that day he told Dr. Jones that he wanted his tooth repaired, and that he wanted Dr. Jones to bond the tooth just as another dentist had done in 2003. Greene then claims that Dr. Jones said, "I only fill teeth with decay or pull em!" (Compl. at 3.) Dr. Jones apparently then asked Greene what type of toothpaste he used, and Greene indicated he had been using a toothpaste with a tooth-whitening ingredient. Dr. Jones, says Greene, then encouraged him to switch to another type of toothpaste, as the brand he had been using could increase tooth sensitivity. Greene claims he told Dr. Jones that he had tried this in the past and it did not work, and that this was why the previous dentist bonded his tooth in 2003. Greene was not interested in either having his tooth filled or pulled by Dr. Jones, as he told Dr. Jones his condition was not that bad, and it is not clear that Dr. Jones even thought his tooth was in a condition to warrant either option. Greene alleges that this dental appointment ended with Dr. Jones shrugging to Greene's question of what he should do regarding his pain.

On May 7, 2008, Greene made a complaint to Jeanne Greenwood-Zwiers and requested he be allowed to have his tooth repaired, and expressed his desire to have a different dentist tend to him. After apparently not receiving a response to his complaint after 11 days, Greene complained to Catherine Francois and reiterated his desire to be treated by another dentist, who in turn apparently recommended dismissal of the complaint based upon the fact bonding for sensitive teeth was not a service offered at the GBCI. Francois then forwarded it to Cynthia Thorpe of the BHS. Thorpe dismissed the complaint and Greene filed a request for a review of the dismissal with the Corrections Complaint Examiner. Welcome Rose of the DOC then recommended dismissal of the

request for review, which the Office of the Secretary of the DOC acted upon and dismissed the complaint on June 6, 2008.

Greene claims that after he switched to a different toothpaste, his tooth continues to cause him pain as it has deteriorated and the pain has even intensified to the point of influencing his "normal eating/sleeping habits." (Compl. at 8.) Though he claims the tooth has deteriorated, Greene does not allege that there is any decay, though he fears the tooth may be more susceptible to forming a cavity in the future. (Compl. at 8.) He asks that the defendants be ordered to provide him dental care from a source outside the GBCI, cease the practice of only filling or pulling teeth, along with compensatory and punitive damages. In addition to framing his claim under 42 U.S.C. § 1983, Greene asks this Court to exercise supplemental jurisdiction over claims of common law negligence against all defendants.[2]

As noted above, in addition to naming Dr. Jones as a defendant, Greene also names Greenwood-Zwiers, GBCI's Health Services Unit Manager, William Pollard, warden of the GBCI, Rick Raemisch, Secretary for the Wisconsin DOC, and complaint examiners Francois, Rose, and Thorpe. The claims against these non-medical staff will be dismissed. Though Greene is unhappy with the dental treatment options presented to him by Dr. Jones, the record shows that he was referred to, and treated by, a medical professional. The record does not reflect deliberate indifference on their part, as none of these individuals were qualified to opine on Greene's treatment given that each of them were aware that he was under the care of a physician. The fact that Greene

---

[2]Greene asks the Court to take supplemental jurisdiction over the common law claims based upon "28 U.S.C. 1331." (Compl. at 10.) This statute, however, relates to the original jurisdiction of the district courts over civil actions involving a federal question. The section Greene likely meant to refer to is 28 U.S.C. § 1367.

indicated dissatisfaction with the treatment options he was offered by Dr. Jones and requested another dentist to perform the procedure he desired is not reason enough for these non-medical prison officials to all into question the medical judgment of Dr. Jones. As the Seventh Circuit has explained,

> If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daly*, 414 F.3d 645, 656 (7th Cir. 2005)(quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004).

I conclude that Greene has failed to state a claim for relief under 42 U.S.C. § 1983 against the remaining defendant, Dr. Jones, as he has failed to allege that he was deprived of a right secured by the Constitution or laws of the United States. This is because Greene fails to state a claim under the Eighth Amendment.

"To state an Eighth Amendment claim, a prisoner must show that (1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). An objectively serious medical need is " 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " *Zentmyer v. Kendall County, Illinois,* 220 F.3d 805, 810 (7th Cir.2000) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997)). The Seventh Circuit has noted that "[d]ental care is one of the most important medical

needs of inmates." *Wynn,* 251 F.3d at 593 *(*quoting *Ramos v. Lamm,* 639 F.2d 559, 576 (10th Cir.1980)).

Greene has failed to demonstrate that his sensitive tooth was an objectively serious medical need. It does not appear that he had been diagnosed with a condition mandating treatment. Greene enclosed some of his dental records in support of his claim. They do indicate that he saw Dr. Allen Welsh on February 27, 2003, for a bonding of his tooth, but not that he was diagnosed with anything requiring further treatment. (Compl. Ex. C.)

Beyond not being a condition diagnosed by a physician, there is no indication that Greene's condition was one that even a lay person would easily recognize as needing a doctor's attention. There is no evidence that Greene was totally unable to eat, was in extreme pain, or that his tooth was decayed or cracked. *See Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005)(collecting cases in which dental pain accompanied by various degrees of attenuated medical harm were held to constitute an objectively serious medical need.) According to Greene, what prompted him to request to see Dr. Jones was sensitivity to hot and cold temperatures and a constant aching in his tooth. He claims that since he saw Dr. Jones and declined the treatment he was offered the tooth has deteriorated and the pain has begun to affect his eating and sleeping habits, though he does not specify how. Greene himself notes that his tooth has not decayed since his visit with Dr. Jones. (Compl. at 8.) In his account of his visit with Dr. Jones, Greene himself says he told him, "My tooth is not so bad that it needs to be pulled or drilled on to be filled, it just needs that bonding material to take the pain away and prevent me from losing my tooth later on." (Compl. at 3.) These are not the words of someone with an objectively serious medical need. Greene has pled himself out of court.

7

Greene's complaint not only fails to demonstrate how he had an objectively serious medical need, but also how Dr. Jones was exhibited deliberate indifference. To show deliberate indifference, even at the pleading stage, a plaintiff must assert that a defendant knowingly disregarded an obvious risk of serious injury. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

I conclude that the complaint fails to state a claim against Dr. Jones. It is clear that the source of Greene's § 1983 claim is simply a disagreement with his treating dentist over the proper course of his treatment. The fact that Greene told Dr. Jones his tooth "is not so bad that it needs to be pulled or drilled" would likely have had the effect on Dr. Jones of him thinking that Greene's condition was not a serious medical need. This fact leads me to the conclusion that Dr. Jones lacked the requisite mental state for deliberate indifference because he did not disregard a known risk of injury.

In sum, though Greene is clearly frustrated with the fact he was not offered the particular dental procedure he had received in the past, he was offered other treatment for the tooth, which he declined given he did not think the condition severe enough to warrant having his tooth drilled or pulled. The Eighth Amendment does not entitle Greene to make a demand for a specific type of medical treatment, or even the best care, but only reasonable measures to meet a substantial risk of serious harm. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Prison complaint reviewers considered his claims and made appropriate recommendations in concert with HSU and BHS staff. This set of circumstances, even if true, would not allow a reasonable factfinder to find deliberate indifference, and so the complaint will be dismissed.

Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed. Further, I decline to exercise supplemental jurisdiction over Greene's claims of common law negligence under 28 U.S.C. § 1367(c)(3).

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $241.85 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith

9

pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this 17th day of October, 2008.

s/ William C. Griesbach<br>
WILLIAM C. GRIESBACH<br>
United States District Judge