UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY T. GREENE,

    Plaintiff,

    v.                                              Case No. 08-C-728

WILLIAM POLLARD, et al.,

    Defendants.

**ORDER**

Plaintiff Jeremy T. Greene, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institution ("GBCI"). He complained that his Eighth Amendment rights were violated when he did not receive the dental care he requested. I dismissed his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Greene has filed a Motion to Amend or Motion for Reconsideration, which is now before me.

Civil Local Rule 15.1 requires that a party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Because Greene failed to observe this requirement, I will deny his request to amend. This leaves his motion for reconsideration.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting

*Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D.Ill.1976), aff'd 736 F.2d 388 (7th Cir.1984)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990).

Greene presents no legal argument or factual information which would lead me to conclude that reconsideration of my dismissal of his case is warranted. At the time Greene sought dental treatment and was seen by the dentist at GBCI, his tooth was sensitive and caused him pain. Mere sensitivity in a tooth, however, does not sufficiently allege a "serious medical need" to which someone can be deliberately indifferent. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("To state an Eighth Amendment claim, a prisoner must show that (1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it."). If Greene's tooth is worsening, as he alleges, he should make a request to the proper authorities for another dental appointment.

Greene also presents nothing warranting my reconsideration of my dismissal of his claims against the six other parties named as defendants. Greene has not sufficiently alleged how these complaint examiners and supervisory personnel were deliberately indifferent to a serious medical need.

**THEREFORE IT IS ORDERED** that Greene's motion to amend or motion for reconsideration is **DENIED**.

Dated this   3rd   day of November, 2008.

                                               s/ William C. Griesbach
                                               WILLIAM C. GRIESBACH
                                               United States District Judge